## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARQUETA PLEDGER,    )
             )
      Plaintiff,   )
             ) Case No. 2:15-9212-JAR-GEB
vs.           )
             )
LIFE CARE CENTER OF KANSAS CITY, )
             )
      Defendant.  )
_____ )

## MEMORANDUM AND ORDER

This procedural contest is before the Court on Plaintiff's motion for leave to file her first amended petition (ECF No. 17). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

### Procedural Background

Plaintiff initially filed this action in the Wyandotte County District Court against her previous employer, Life Care Center of Kansas City (LCCKC), alleging wrongful discharge.   On August 13, 2015, Defendants timely and properly removed the case to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and D. Kan. Rule 81.1.

During a routine Rule 16 conference, Plaintiff's counsel informed the Court and the Defendant of Plaintiff's intention to amend her Petition to add a punitive damages claim. Purporting to be in accordance with the court's Scheduling Order, Plaintiff filed her First Amended Petition on December 31, 2015 (ECF No. 13), which in essence,

added her acquiescence to the removal to federal court, amended Defendant's legal name, and added punitive damages claims. However, the Amended Petition was filed after LCCKC's Answer was filed, and without seeking either LCCKC's written consent or this Court's leave.

Realizing her pleading was not strictly in accordance with Fed. R. Civ. P. 15 (a) (1), on January 12, 2016, Plaintiff filed a Motion for Leave to File First Amended Petition (ECF No. 17).   LCCKC, in its Response to Plaintiff's motion filed on January 26, 2016 (ECF No. 19), argued because Plaintiff failed to timely file her motion, and no excusable neglect exists, the Court should deny Plaintiff's motion.

## Standard

The standard for permitting a party to amend his or her complaint is well established. Without an opposing party's consent, once a defendant has answered a complaint, a party may amend his pleading only by leave of court.[1]   Although leave "shall be freely given when justice so requires," the decision to allow an amendment is within the sound discretion of the court.[2]  But, in exercising its discretion, the Court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[3]

---

[1] Fed. R. Civ. P. 15(a).  A party may amend its pleading once as a matter of course before a responsive pleading is filed.

[2] J. *Vangel Elec., Inc. v. Sugar Creek Packing Co.*, 2012 WL 599283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank,* 60 F.3d 1486, 1494 (10th Cir. 1995)).

[3] *Hinkle v. Mid-Continent Cas. Co.*, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Industries*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

Under Rule 15(a), the Court considers a number of well-established factors in deciding whether to allow an amendment, including: 1) timeliness; 2) prejudice to the other party; 3) bad faith; and 4) futility of amendment.[4]

In addition, when a proposal to amend a pleading is offered after the deadline in the scheduling order for amending pleadings has passed, Fed. R. Civ. P. 16(b)(4) is invoked, and requires the Court to first consider whether good cause exists.   "Good cause" under Rule 16(b)(4) requires the moving party to show diligence and good faith or excusable neglect in attempting to meet the deadline, and a lack of carelessness.[5]   These factors are discussed below.

### Discussion

In its scheduling order, the Court set a deadline to file any motions to amend the pleadings by December 31, 2015 (ECF No. 11).   On the day of the deadline, rather than file a *motion* to amend her pleading, Plaintiff filed an *actual* amended complaint.   In cases such as this, the Court should first "determine whether the moving party has established good cause within the meaning of 16(b)(4) in order to justify the untimely motion."[6]

---

[4] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[5] *Carefusion 213 v. Professional Disposables*, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted), *Livingston v. Sodexo & Affiliated Co*., No. 11-4162-EFM-KGS, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal-Mart Stores*, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995) (internal citations omitted)).
[6] *Id.*

## A.      Good Cause under Rule 16(b)(4)

Plaintiff openly conceded the motion to amend her pleading was not timely filed. In asking the Court to grant her motion, Plaintiff stated she filed her Amended Petition on December 31, 2015 because during the scheduling conference with the Court, filing an amended petition was discussed, and counsel inadvertently believed leave to amend her Petition was granted at that time. Upon realizing her overreach, Plaintiff then filed the proper motion for leave to amend her pleading on January 12, 2016.

Defendant maintains Plaintiff's motion is untimely, the federal rules exist for parties to comply, and Plaintiff shows no good cause or excusable neglect for violating the Scheduling Order. To support its position, Defendant cites multiple cases which state "untimeliness is sufficient enough reason to deny a motion."[7]  Defendant also reminds the court of instances where the Tenth Circuit Court of Appeals has "denied leave to amend in situations where the moving party cannot demonstrate neither excusable neglect nor an adequate explanation for delay."[8]

While Defendant, in its adversarial role, is correct in arguing the federal rules exist for the parties to comply, the Court in its discretion, must also balance strict compliance with consideration of the spirit of the federal rules, and its duty to encourage decisions on the merits.  Also, this case is in its early stages.  The Court finds Plaintiff has established good cause under Fed. R. Civ. P. 16(b)(4).

---

[7] *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990), *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001) (citing *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998)).
[8] Defendant cites *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) and *Frank v. U.S. Wes*t, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

**B.     Rule 15 Standard**

### 1.  Timeliness

Upon a finding of good cause, the Court must assess whether the standard under Rule 15 (a)(2) has been satisfied.  Defendant focuses on good cause and the underlying factor of untimeliness.  For the reasons discussed above, the Court finds the Plaintiff has shown good cause for her delay.  Therefore, Plaintiff's motion should not be denied on the basis of untimeliness under Rule 15(a)(2).

### 2.  Prejudice

Generally, permission to amend "is liberally granted where there is no prejudice."[9] LCCKC, as the nonmoving party, bears the burden of demonstrating prejudice by the proposed amendment.[10]  Prejudice typically occurs when an amendment would "unfairly affect defendant in terms of preparing its defense to the amendment,"[11] and "whether the amended claim raises significantly new factual issues of a different subject matter."[12]

Even though Defendant does not allege any prejudicial effect by Plaintiff's amendment, the Court is not ignorant to the fact that Plaintiff's amendment related to the punitive damages claims could have substantial consequences.  That said, during the scheduling conference, there was discussion regarding Plaintiff's intention to amend her pleading to add punitive damages claim(s).  As such, the punitive damages amendment

---

[9] *Minter*, 451 F.3d at 1208 (internal citation omitted)
[10] *Rural Water Dist. No. 4, Douglas Cnty v. City of Eudora, Kansas*, 2008 WL 1867984, at *3 (D. Kan. Apr. 24, 2008)
[11] *Minter*, 451 F.3d at 1208 (internal citations omitted)
[12] *Id.*

was no surprise to Defendant, therefore this Court finds no prejudice. The other amendments were of a housekeeping nature, and the Court finds no prejudice exists.

### 3.  Bad Faith

The Court finds Plaintiff's mistake of filing an amended pleading rather than requesting the Court for leave to do so was neither purposeful, nor was it in bad faith. Plaintiff's amended pleading was filed on December 31, 2015. Plaintiff properly requested leave to file her amended petition on January 12, 2016. As soon as Plaintiff realized the procedural error, the proper pleading was filed. The difference of 12 days is neither evidence of bad faith, nor does this Court consider Plaintiff's mistake to be careless or haphazard.

### 4.  Futility

Defendant has not offered its position with regard to the futility of Plaintiff's claims, with or without the amendments, and consideration of futility need not be discussed here.

### Conclusion

In light of the above, and keeping in mind the Court's preference for making decisions on the merits, as opposed to faulting parties for technical mistakes, the Court grants Plaintiff leave to amend her complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Petition as filed (ECF No. 17) is **GRANTED** in its entirety. Defendant shall file its Answer in accordance with the Fed. R. Civ. P.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of March 2016.


<u>S/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
United Sates Magistrate Judge